**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10054 |
| Plaintiff-Appellee, | D.C. No. 4:12-cr-00862-YGR-2 |
| v. | |
| BRIAN FEDERICO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted July 27, 2021
San Francisco, California

Before: McKEOWN and NGUYEN, Circuit Judges, and LAMBERTH,** District
Judge.

Brian Federico appeals from his conviction for mail fraud and conspiracy to

commit mail fraud, 18 U.S.C. §§ 1341, 1349. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Royce C. Lamberth, United States District Judge for
the District of Columbia, sitting by designation.

We review de novo whether the district court constructively amended the indictment, *see United States v. Lloyd*, 807 F.3d 1128, 1163 (9th Cir. 2015), as well as whether the jury instructions "adequately presented the defendant's theory of the case," *id.* at 1164–65 (quoting *United States v. Dixon*, 201 F.3d 1223, 1230 (9th Cir. 2000)). We review the district court's denial of Federico's request for a specific unanimity instruction for abuse of discretion. *See United States v. Luong*, 965 F.3d 973, 985 (9th Cir. 2020). We review for plain error any instructions to which Federico did not object in the district court. *See United States v. Koziol*, 993 F.3d 1160, 1179 (9th Cir. 2021).

1.　The district court's admission of Charles Burnette's testimony and refusal to instruct the jury on multiple conspiracies at most amounted to a variance—not a constructive amendment. *See United States v. Laney*, 881 F.3d 1100, 1109 (9th Cir. 2018) ("[T]he issue becomes one of variance where the evidence at trial tends to show the existence of two conspiracies rather than one ongoing conspiracy as alleged in the indictment."). "[A] variance only requires reversal if it prejudices the defendant's substantial rights." *United States v. Wilbur*, 674 F.3d 1160, 1178 (9th Cir. 2012).

Federico does not show prejudice. *Compare id.* at 1178–79 (finding no prejudice merely because "the indictment charged a single continuous conspiracy" but at trial "the facts show[ed] two separate conspiracies with a gap between

2

them"), *with United States v. Durades*, 607 F.2d 818, 819–20 (9th Cir. 1979) (finding prejudice where, in addition, the overbroad indictment caused the district court to erroneously reject the defendant's venue challenge).

2.   The district court did not abuse its discretion by refusing to give a specific unanimity instruction because the court "effectively gave a specific unanimity instruction without labeling the instruction as such." *United States v. Lapier*, 796 F.3d 1090, 1099 (9th Cir. 2015).  The jury instructions here contained all of the relevant allegations in the indictment, and the court required the jury to "agree[] as to the particular crime which the conspirators agreed to commit."

3.   The district court did not constructively amend the indictment by instructing on co-schemer liability and permitting testimony regarding Matrix's code of conduct because the "jury instructions requir[ed] the jury to find the conduct charged in the indictment before it [could] convict." *United States v. Ward*, 747 F.3d 1184, 1191 (9th Cir. 2014).  The district court instructed the jury that Federico "is not on trial for any conduct or offense not charged in the indictment" and "is not charged with violating [Matrix's code of conduct]."

4.   The district court did not err by denying the specific instruction Federico requested regarding his theory of the defense because the other instructions covered it.  *See United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1570 (9th Cir. 1989).  Federico's defense, which he argued to the jury, was that "the

3

government . . . failed to meet its burden of proof as to the charges in the indictment" because no evidence showed that he "devised a scheme to defraud Matrix as opposed to Imperial." The district court instructed the jury that "the government has the burden of proving every element of the charges beyond a reasonable doubt." Nothing more was required. *See United States v. Sarno*, 73 F.3d 1470, 1484 n.7 (9th Cir. 1995) (explaining that a theory of the defense "involves the assertion of a legal, as opposed to a factual, defense to the charge").

5. The district court plainly erred by instructing the jury that "the intent to defraud" means "the intent to deceive or cheat." *See United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020) (holding that mail fraud "requires the intent to deceive *and* cheat"), *cert. denied*, 141 S. Ct. 1085 (2021); *United States v. Depue*, 912 F.3d 1227, 1234 (9th Cir. 2019) (en banc) ("An error is plain if it is 'contrary to the law at the time of appeal . . . .'" (quoting *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005))). Federico is not entitled to reversal, however, because there is not "a 'reasonable probability' that he would have been acquitted" had the district court "correctly instructed the jury on the [intent] element of a [mail fraud] offense." *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021). Federico conceded that he intended to defraud *some* company, and the jury found that the company was Matrix.

**AFFIRMED.**

4